IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 17-CR-2778 JAP |
| ) | |
| KLAYTON WIMBERLY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT KLAYTON WIMBERLY'S SENTENCING MEMORANDUM**

Defendant Klayton Wimberly, by and through his counsel of record, Jason Bowles of Bowles Law Firm, hereby submits his sentencing memorandum, and states as follows:

**I. PROCEDURAL HISTORY AND SENTENCING REQUEST**

On October 11, 2017, a 16 count Indictment was filed in United States District Court, District of New Mexico, charging defendant Klayton Wimberly with 16 counts of Bank Fraud and Aiding and Abetting. The charges occurred from July 13, 2015, to August 18, 2015 in Bernalillo and Valencia Counties. On June 4, 2018, Klayton Wimberly pled guilty to each of the sixteen Counts of the indictment, each charging a violation of 18 U.S.C. § 1344(1), that being Bank Fraud, and 18 U.S.C. § 2, that being Aiding and Abetting. The charges related to a scheme in which mail was taken from other persons, and monies of those persons were misappropriated by Mr. Wimberly and others through checks. Mr. Wimberly has admitted his wrongful conduct and requests a sentence in the low range of the imprisonment guideline of 15 months, together with appropriate treatment and counseling to address his addiction and mental health issues.

1

## II. GUIDELINE CALCULATIONS

Klayton Wimberly pled guilty to each count in the 16-count Indictment. Based upon a total offense level of 13 and a criminal history category of II, the guideline imprisonment range in Mr. Wimberly's Presentence Report is 15-21 months. Mr. Wimberly is not requesting a variance or departure, but instead a sentence at the low end of the guidelines.

## III. PERSONAL HISTORY

Klayton Wimberly was born in Albuquerque, New Mexico on March 9, 1987. His father passed away in 2000 due to a heart attack and his mother, Patricia Wimberly (age 52) currently suffers from dementia and is in the primary custody of the Mr. Wimberly's brother, Jody. Mr. Wimberly has one child, his daughter Geneva Wimberly (age 6) who is also currently in the primary custody of the Mr. Wimberly's brother. Mr. Wimberly is currently single, however, he was previously in a relationship with his daughter's mother, Melissa Candelaria who lost full custody due to her drug use.

Mr. Wimberly suffers from Hepatitis C due to his drug use addiction. He was diagnosed with Bipolar Disorder and Attention Deficit Disorder as a child and currently takes medication for this condition. He also suffers from Post-Traumatic Stress Disorder (PTSD), Depression, short periods of Mania, and Specific Learning Disability Disorder.

Mr. Wimbley attended Belen High School before dropping out. Mr. Wimberly has limited work history due to his drug addictions and lived off his disability for his mental illness.

Mr. Wimberly attributes his drug use to hanging out with the wrong crowd and giving in to peer pressure. He has a drug addiction problem and needs help to address this. Mr. Wimberly is very open to treatment and motivated to get clean and provide support and help for his young daughter.

## IV. SENTENCING LAW AND CREDITS

A sentencing court must follow the three-step process set forth by *Gall v. United States*. 552 U.S. 38 (2007) (the district court should begin all sentencing proceedings by correctly calculating the applicable guideline range, and that "to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark"). *See also* USSG §1B1.1(a)-(c) (Application Instructions). First, the court must properly determine the guideline range. Second, the court must determine whether to apply any of the guidelines' departure policy statements to adjust the guideline range. Third, the court must consider all the factors set forth in 18 U.S.C. § 3553(a) as a whole, including whether a variance—a sentence outside the advisory guideline system—is warranted.

## V. DEFENDANT WIMBERLY REQUESTS A 15 MONTH SENTENCE AFTER CONSIDERATION OF FACTORS DESCRIBED IN TITLE 18 U.S.C. SECTIONS 3553 (A)(1)-(7).

The Supreme Court authorized a district court to consider the use of the numerous factors found in Title 18 U.S.C. § 3353(a) while also considering the advisory Sentencing Guidelines in reaching a determination of the proper sentence for a defendant based on the individual characteristics of the crime and the criminal. Title 18 U.S.C. § 3353(a) provides (in pertinent part):

> (a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider -
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence to be imposed -
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for -
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines – . . .
> (5) any pertinent policy statement – . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

A sentencing judge is "in a superior position to find facts and judge their import under §3353(a) in each particular case[.]" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007). A district court's duty in sentencing is to impose a sentence in conformity with the principles contained in § 3553. *See United States v. Smart*, 518 F.3d 800, 811 (10th Cir. 2008) (District courts should impose a sentence sufficient, but not greater than necessary, to comply with the sentencing factors found in § 3553(a)(2).

Following *Booker*, a court should first determine the appropriate sentencing range under the Sentencing Guidelines, making all the factual findings appropriate for that determination. Second, the court must determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence within statutory limits that does serve those factors. In making this determination, the court should first look to whether a departure or variance is appropriate based on the Sentencing Guidelines or relevant case law, and, if an appropriate basis for departure exists, the district court may depart. Finally, the court should state the justification for any out-of-guidelines sentence so as to afford meaningful appellate review. *Gall v. United States*, 552 U.S. 38, 47-49 (2007).

Applying these guidelines, a sentence of 15 months together with Conditions of release which Require drug counseling and treatment and mental health counseling and treatment, would

be sufficient but not greater than necessary to achieve the goals of sentencingRequire drug counseling and treatment and mental health counseling and treatment, would be sufficient but not greater than necessary to achieve the goals of sentencing.  Mr. Wimberly Does need to address his addiction issues and he needs to be a father to his young daughter. The sentence requested is within the applicable guideline range.

### VII. CONCLUSION

Defendant Klayton Wimberly prays that this Court sentence him to a sentence of 15 months, in addition to a recommendation for drug counseling and treatment to address drug addiction issues and mental health counseling and treatment.

Respectfully submitted,

/s/ Jason Bowles
Jason Bowles
Bowles Law Firm
Post Office Box 25186
Albuquerque, NM  87125-0186
(505) 217-2680
Jason@bowles-lawfirm.com

*Attorney for Defendant*

I hereby certify that a
True copy hereof was sent electronically
this 23rd day of August, 2018 to:

Paul Mysliwiec
Assistant United States Attorneys


/s/ Jason Bowles
Jason Bowles
Bowles Law Firm